807 F.2d 175
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Howard C. AMOS, Petitioner,
v.
CONSOLIDATION COAL COMPANY, Respondent,
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party-In-Interest.
 No. 85-1405.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 8, 1986.
Decided Dec. 1, 1986.
 
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 R. Noel Foreman; Bachmann, Hess, Bachmann & Garden on brief, for petitioner;
 Douglas A. Smoot; Jackson, Kelly, Holt & O'Farrell on brief, for respondent.
 PER CURIAM:
 
 
 1
 Howard C. Amos, a former coal miner, appeals from the decision of the Benefits Review Board, which reversed the Administrative Law Judge's (ALJ) finding of disability. After a hearing, the ALJ had held that evidence consisting of two positive x-rays and two qualifying blood gas studies was sufficient to invoke the interim presumption of total disability due to coal miner's pneumoconiosis. 20 C.F.R. Sec. 727.203(a) (1986). He further held that the employer, Consolidation Coal Co., failed to produce sufficient evidence to rebut the presumption. 20 C.F.R. Sec. 727.203(b)(2) (1986). The Benefits Review Board agreed with Amos that the ALJ correctly invoked the interim presumption, but held that the ALJ's conclusion that the presumption was not rebutted was not supported by substantial evidence. The Board therefore reversed the ALJ's decision and denied Amos benefits.
 
 
 2
 Amos was employed in coal mines as a mine mechanic for thirty years and then as a maintenance foreman for eight years. He testified at the hearing that before his retirement in 1978, the walking required by his employment caused shortness of breath. He also experiences shortness of breath when carrying objects up a flight of stairs and has a "productive" cough. Amos admitted that he helps his wife with some housework, but stated that it takes him a week to mow the lawn due to its steep incline.
 
 
 3
 To rebut the interim presumption of total disability, Consolidation Coal offered the opinions of three physicians that Amos was not disabled. Despite clinical studies with results that were sufficient to invoke the interim presumption of Sec. 727.203(a), two of the doctors concluded from detailed overall examinations that Amos was not disabled due to coal miner's black lung. 20 C.F.R. Sec. 727.203(b) (1986). The third physician reached the same conclusion based on his evaluation of the examining doctors' reports. Another doctor examined Amos and found his lungs to be "essentially normal," but did not make an express conclusion as to disability. Amos produced no medical evidence to contradict these opinions or to show he was unable to perform his usual coal mine work. The ALJ discredited the physicians' opinions of nondisability because he believed they were internally inconsistent with the qualifying medical tests. The Board held, and we agree, that the ALJ's rejection of the uncontroverted opinions was error. Cline v. Beatrice Pocahontas Coal Co., No. 84-1800 (4th Cir. Oct. 14, 1986); see also Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 427 (4th Cir.1986).
 
 
 4
 After a review of the entire record, including Amos' testimony and all relevant medical evidence, we agree with the Board that there was not substantial evidence to support the ALJ's finding of a failure to rebut the presumption, and affirm the decision of the Benefits Review Board.
 
 
 5
 AFFIRMED.